UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
DAWN A. CASELLE,
    Debtor

Case No. 04-25900REF
Chapter 13

## O R D E R

AND NOW, this 5 day of July, 2006, it is ORDERED that the motion filed by Joel H. Ziev ("Movant") to dismiss this chapter 13 case is DENIED because I find, based upon the totality of the circumstances present in this case, that Debtor filed this bankruptcy petition in good faith. See In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996); In re LeGree, 285 B.R. 615, 618 (Bankr. E.D. Pa. 2002); In re Cottle, 189 B.R. 591, 594 (Bankr. E.D. Pa. 1995).[1]

---

[1] Section 1307(c) of the Bankruptcy Code provides that a chapter 13 petition may be dismissed for "cause." 11 U.S.C. §1307(c). In In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996), the Third Circuit joined the Seventh, Ninth, and Tenth Circuits in holding that a debtor's lack of good faith in filing a chapter 13 petition is sufficient "cause" for dismissal under Section 1307(c). Recognizing that the term "good faith" is "incapable of precise definition," the Third Circuit ruled that "the good faith inquiry is a fact intensive determination better left to the discretion of the bankruptcy court ... and must be assessed on a case by case basis in light of the totality of the circumstances " Id. The Third Circuit then provided the following list of non-exhaustive factors that are relevant to the good faith filing inquiry:

> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

Id. (quoting In re Love, 957 F.2d 1350, 1357 (7th Cir. 1992).

    Movant bases his motion to dismiss upon the last factor, arguing that Debtor has not been forthcoming, candid, and honest with this Court regarding her income and expenses. I disagree, and I find, based upon Debtor's testimony during the 2004 examination conducted on February

IT IS FURTHER ORDERED that a hearing shall be held on the Motion filed by the Chapter 13 Trustee to dismiss this case and on confirmation of Debtor's amended chapter 13 plan

        On:    **Thursday, August 17, 2006**
        At:    **9:00 a.m.**
        In:    **Courtroom No. 1,**
                **Third Floor, The Madison**
                **400 Washington St.**
                **Reading, PA.**

BY THE COURT

_____
Richard E. Fehling
United States Bankruptcy Judge

---

10, 2006, and during the December 8, 2005 and March 23, 2006 hearings, that Debtor has been forthcoming, candid, and honest with this Court and with her creditors and that Debtor's Schedule I (current income of Debtor) and Schedule J (current expenditures of Debtor) do not contain misrepresentations or inaccuracies. Moreover, I note that Movant's major complaint deals with the fact that Debtor conducts all of her business in cash and maintains no bank accounts or individual client ledger sheets. While I agree that this may not be the most efficient and sophisticated manner of conducting business, I find that it does not prove that Debtor has been less than forthcoming, candid, or honest with this Court and her creditors, and it does not establish "cause" to dismiss this case under Section 1307(c) of the Bankruptcy Code.